# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2021

Lyle W. Cayce
Clerk

No. 21-10280

Theodore William Taylor,

*Plaintiff—Appellant*,

*versus*

The Kendall Law Group, P.L.L.C.; Joseph Kendall, Attorney at Law, *in his Individual and his Professional capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-65

Before Jones, Duncan and Engelhardt, *Circuit Judges*.

Per Curiam:*

Theodore William Taylor, federal prisoner # 26966-078, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal without prejudice of his pro se civil complaint for lack of subject matter jurisdiction. By moving to proceed IFP, Taylor challenges the district court's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

By failing to address the district court's reasons for dismissing his complaint for lack of subject matter jurisdiction or providing any other reason why the district court's certification is erroneous, Taylor has abandoned any challenge he might have raised regarding the district court's decision. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Taylor has failed to identify any issue of arguable merit, his motion to proceed IFP is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5TH CIR. R. 42.2.

Our dismissal of Taylor's appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 535-39 (2015). Taylor is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).